UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BERNABI ISIORDIA BERMUDEZ

    Petitioner,

vs.

BRIAN WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:13-cv-02214-JAD-GWF

**ORDER**

Petitioner has paid the filing fee. The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

In state district court, petitioner pleaded guilty to charges that he does not specify in the petition. The state district court entered its judgment of conviction on June 7, 2011. Petitioner did not file a direct appeal.

Petitioner filed a post-conviction habeas corpus petition in state district court on June 12, 2012. The state district court dismissed the petition because it was untimely pursuant to Nev. Rev. Stat. § 34.726. Petitioner appealed. On April 23, 2013, the Nevada Supreme Court affirmed the dismissal for the same reason. Remittitur issued on May 20, 2013.[1]

---

[1] The court takes judicial notice of the docket of the Nevada Supreme Court in Bermudez v. State, No. 61480, http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=29647 (report generated June 10, 2014).

Petitioner mailed his federal habeas corpus petition to this court on November 27, 2013.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). *See also* Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). However, an untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614,

1  623 (1998).  The petitioner effectively files a federal petition when he mails it to the court.  *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  The court can raise the issue of timeliness on its own motion.  *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

On its face, the petition is untimely.  For the purposes of § 2244(d)(1)(A), petitioner's judgment of conviction became final on July 7, 2011, when the time to appeal expired.  Petitioner's state habeas corpus petition was untimely, and thus it did not qualify for tolling of the federal one-year period of limitation pursuant to § 2244(d)(2).[2]  Petitioner mailed his federal petition to this court on November 27, 2011, 874 days after the finality of his judgment of conviction.  That time exceeds the one-year period of limitation.  Petitioner will need to show cause why the court should not dismiss this action as untimely.

Petitioner has submitted a motion for appointment of counsel (#2).  Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  *Weygandt*, 718 F.2d at 954.  After reviewing the petition, the court finds that appointment of counsel is not warranted.

**IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (Doc. #2) is **DENIED**.

---

[2] The state statute of limitation and the federal statute of limitation operate differently.  The federal one-year period starts when the judgment of conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  When there is no direct appeal, as in petitioner's case, finality is defined as the expiration of the time to appeal the judgment of conviction.  *See Gonzalez*, 132 S. Ct. at 653-54.  The state one-year period starts after entry of the judgment of conviction when there is no direct appeal; the time to file a direct appeal is not excluded from the state one-year period.  Nev. Rev. Stat. § 34.726(1).

1 **IT IS FURTHER ORDERED** that petitioner shall have 30 days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve upon respondents a copy of the petition and this order. No response is required at this time.

Dated: June 11, 2014.

_____
JENNIFER A. DORSEY
United States District Judge